# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY, SR.,       ) | CASE NO. 4:10CV3135 |
|                             ) | |
|     Plaintiff,         ) | |
|                             ) | |
| v.                          ) | **MEMORANDUM** |
|                             ) | **AND ORDER** |
| JEFFREY NEWTON, Director, and ) | |
| MARK FOXHALL, Deputy Director of ) | |
| Douglas County Correctional Center, ) | |
|                             ) | |
|     Defendants.        ) | |

This matter is before the court on its own motion. On August 5, 2010, the court required Plaintiff to show cause to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 7.) In response, Plaintiff filed a Motion to Continue. (Filing No. 8.) The court has carefully reviewed Plaintiff's Motion to Continue and finds that this matter should be dismissed.

## *I.   BACKGROUND*

On July 14, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1), a Motion for Leave to Proceed IFP (filing no. 2) and a Motion to Submit Evidence (filing no. 3). On August 5, 2010, the court determined that Plaintiff was not permitted to proceed IFP without first meeting the provisions set forth in § 1915(g). (Filing No. 7.) The court based this determination on the finding that Plaintiff brought three cases,[1] while incarcerated, that were dismissed because they failed to state a claim upon which relief could be granted.

---

[1] *Castonguay v. Douglas County Attorney Office*, No. 8:09CV392 (D. Neb.), dismissed on April 9, 2010. (Case No. 8:09CV392, Filing Nos. 11 and 12.) *Castonguay v. Douglas County Correction Center*, No. 8:09CV225 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV225, Filing Nos. 14 and 15.) *Castonguay v. State of Nebraska*, No. 8:09CV221 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV221, Filing Nos. 15 and 16.)

The court ordered Plaintiff to either show cause to proceed IFP or pay the full $350 filing fee. (Filing No. 7.) The court informed Plaintiff that if he failed to show cause or pay the $350 filing fee by September 7, 2010, his case would be dismissed without further notice. (*Id*. at CM/ECF p. 2.) On August 20, 2010, Plaintiff filed a Motion to Continue. (Filing No. 8.)

## II.   *ANALYSIS*

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its August 5, 2010, Memorandum and Order, the court ordered Plaintiff to explain why his case should not be dismissed pursuant to § 1915(g). (Filing No. 7.) In doing so, the court identified three of Plaintiff's cases that were dismissed because Plaintiff failed to state a claim upon which relief may be granted. (*Id.* at CM/ECF p. 1.) In order for Plaintiff to proceed IFP he needed to show that one of these three cases did not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Motion to Continue, Plaintiff does not deny that, while incarcerated, he filed three cases that failed to state a claim upon which relief may be granted. However, he arguably alleges that his current confinement in administrative segregation imposes an imminent danger of physical injury. (Filing No. 8.) Specifically, Plaintiff argues that his confinement in administrative segregation for over 10 months constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Filing No. 3 at CM/ECF p. 1*.)*

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). To establish an Eighth Amendment claim, a plaintiff must allege that a defendant denied him "the minimal civilized measure of life's necessities," or incarcerated him under conditions "posing a substantial risk of serious harm." *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege that he is being denied any of life's necessities or that he was harmed. In short, Plaintiff's allegation that he has been confined in administrative segregation for over 10 months does not establish that he is in any imminent danger of physical injury. Because Plaintiff is not entitled to proceed IFP, and has not paid the full $350 filing fee, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of September, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.